## W. C. AULD v. J. B. WALTON. *

Appeals in cases of contested elections must be considered as falling within the general rules applicable to appeals in all civil cases and where proper and necessary the return day may be extended.

APPEAL from the First District Court of New Orleans, *Robertson*, J.
*Benjamin, Bradford & Finney*, for plaintiff and appellant. *R. Hunt*, for defendant.

VOORHIES, J. The defendant has filed a motion for the dismissal of this appeal, on the ground that it was not made returnable by the District Court within the time imperatively fixed by law.

This is a contested election case, in which the grounds of action are fully set forth in plaintiff's petition.

The election in question was held, as required by law, on the 5th of Nov., 1855, for the office of Clerk of the Fourth District Court of New Orleans.

The case was tried by a jury, and resulted in a verdict in favor of the defendant. The District Judge, after refusing a new trial, rendered a final judgment in accordance with the verdict on the 26th of May, 1856. On the 4th of June, 1856, the plaintiff obtained an order from the Judge granting him an appeal from the judgment, returnable on the fourth Monday of the same month. In the meantime, on the 16th of June, the plaintiff filed an application in this court for an extension of time to bring up the transcript, based on the certificate of the Clerk of the court below, that he could not have the transcript ready for the return day—the fourth Monday of June. Nothing appears to have been done with this motion, owing, probably, to the adjournment of this court previous to the time within which the appellant was bound to file the transcript.

The 11th section of the Act of 1855, provides: "That in all cases in which the right of office is involved, and an appeal is taken from the judgment of the District Court, returnable before the Supreme Court, holding session in New Orleans, it shall be returnable in ten days after judgment of the lower court, and the Supreme Court, on the motion of either party, shall proceed to try the same by preference." Session Acts of 1855, 314.

This enactment, it is contended by the appellee, is conclusive upon the subject, leaving nothing to the discretion of the court.

The section quoted does not, in our opinion, apply to the present case. It was originally enacted in 1853, when an appeal did not lie in cases of contested elections, but only in certain cases involving title to office, in which the usual remedy was by *mandamus* or *quo warranto;* and reënacted in 1855. It is clear, therefore, that it formed only an exception to the general rule on the subject of appeals in all civil cases.

The 1st section of the Act of 1856, under which this appeal was taken, provides: "That in all contested elections, brought before the courts of this State, the party cast shall have the right of appeal to the Supreme Court, as in other

* Omitted in the Reports of 1856.

AULD
*v.*
WALTON.

civil cases, where it is shown in the record that the amount of the emoluments of the office in contest is over $300, &c." Session Acts of 1856.

Under the provisions of this enactment it appears to us obvious, that all appeals in cases of contested elections must be considered as falling within the general rule applicable to appeals in all civil cases. Adopting a different construction, would, in our opinion, have the effect of substituting the exception to the general rule, defeating thereby the clearly expressed will of the Legislature. For it must be obvious, that there is a manifest difference between a case like the present and one in which the title only to office is involved. In the first, the election may be declared null and sent back to the people, neither party being entitled to the office; whereas, in the other, it must be adjudged, that one of the litigants is entitled to the office.

Considering our construction of the law to be correct, it follows, that the order of the Judge fixing the return of the appeal cannot be viewed as erroneous. To require the return day to be made within a delay in which it was impossible to make out the transcript, would be, it seems to us, requiring a vain thing to be done. As the record is voluminous, containing upwards of 340 pages, even an extension of the return day in this case might, therefore, have been necessary and proper. 9 A., 14; 10 A., 778.

It is, therefore, ordered, that the motion to dismiss the appeal be overruled at the appellee's costs.

MERRICK, C. J., concurring. I am inclined to the opinion, that the Acts of the Legislature of 12th and 30th of April, 1853, and of February 14th, 1856, are *in pari materia;* and, consequently, that it was the duty of the District Judge to make the appeal returnable within ten days after the rendition of the judgment.

But it does not appear, that the irregularity in the order was attributable to the appellant. It is, therefore, cured by the statute of 1839, reënacted in 1855. See section 14, p. 315.

For this reason, I concur in the decree.